**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 11a0830n.06

No. 10-1961

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MICHAEL CARROLL, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| S. L. BURT, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  KETHLEDGE and STRANCH, Circuit Judges; and GWIN, District Judge.[*]

PER CURIAM.  Michael Carroll appeals the district court's judgment dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

In 1983, a jury found Carroll guilty of first-degree murder, and the trial court sentenced him to life in prison.  The Michigan Court of Appeals affirmed the trial court's judgment, and the Michigan Supreme Court denied leave to appeal.  In 2001, Carroll filed a motion for relief from judgment, which the Michigan courts denied.  In 2007, Carroll filed a § 2254 petition, arguing that the prosecutor engaged in misconduct, that his trial and appellate counsel rendered ineffective assistance, and that he was denied the right to a speedy trial.  The district court dismissed the petition as untimely and granted a certificate of appealability for the issue of whether Carroll was entitled to equitable tolling of the limitations period based on his claim of actual innocence.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

On appeal, Carroll argues that the district court applied an incorrect standard when assessing whether he was entitled to equitable tolling and that he made the necessary showing of actual innocence. The one-year statute of limitations applicable to § 2254 petitions may be equitably tolled based on a showing of actual innocence. *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007). To make the requisite showing, "the petitioner 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "'[T]o be credible a gateway claim requires new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Id.* (quoting *House v. Bell*, 547 U.S. 518, 537 (2006)). "We must consider 'all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial.'" *Id.* (quoting *House*, 547 U.S. at 538).

The district court identified and applied the correct standard for assessing whether Carroll was entitled to equitable tolling based on his claim of actual innocence. The court's conclusion that the new evidence was insufficient to warrant tolling "because a finder of fact could still have chosen to credit the testimony of all of the inculpatory evidence against petitioner in this case" reflects a determination that reasonable jurors could have convicted Carroll notwithstanding the new evidence. *See House*, 547 U.S. at 538. We agree that Carroll has not shown that he is entitled to equitable tolling based on a credible showing of actual innocence. Given the considerable evidence of his guilt, including the testimony of his cousin, who testified that he saw Carroll commit the murder, Carroll's inculpatory statements, and the evidence that the murder weapon belonged to his mother-in-law, Carroll's new evidence of contemporaneous police reports containing accusations against

other potential suspects is insufficient to demonstrate that it is more likely than not that no reasonable juror would have found him guilty. Because Carroll's new evidence, when viewed in context of the evidence as a whole, is insufficient to make the requisite showing of actual innocence, we need not address whether a petitioner's supporting evidence must be newly discovered or merely newly presented. *See Wright v. Quarterman*, 470 F.3d 581, 591 (5th Cir. 2006).

Accordingly, we affirm the district court's judgment.